## STEVENS v. SIEGEL-COOPER CO.

(City Court of New York, General Term. July 11, 1900.)

EVIDENCE—ADMISSION BY AGENT.
   Statements made by an employé of defendants, as to the condition of an instrument at the time the employé used it to operate on plaintiff, made six days after the operation, are inadmissible in an action against defendant to recover for injuries resulting from the defective condition of the instrument.

Appeal from trial term.

Action by Pauline M. Stevens against the Siegel-Cooper Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

Rose & Putzel, for appellant.
Allan Lee Smidt, for respondent.

SCHUCHMAN, J. This action is brought by the plaintiff against the defendant to recover damages occasioned by defendant's negligence. On the trial the following facts were developed: On or about June 1, 1898 (on a Thursday or Friday), plaintiff went to the manicure parlor of the defendant, where one Miss Marshall was employed by them, to have her nails manicured. During the treatment Miss Marshall, in using the cuticle knife to push back the cuticle, went too deep underneath, pricked the skin, and caused less than a drop of blood to form,—just a mite. Certain germs came in contact with the thus-caused abrasion, causing inflammation and paronychia, commonly called "ringaround," and blood poisoning. The testimony adduced by plaintiff tended to show and establish that the germ was connected with the abrasion by the septic cuticle knife of the manicurist, Miss Marshall. Dr. Bradley, a physician, a witness on plaintiff's behalf, testified that plaintiff called on him on Monday, the 5th of June, to get medical advice. He then made a diagnosis of paronychia, which is an inflammation all around the nail. The inflammation was around the root of the nail. The whole finger was swollen, but not as much as the next day. He put on a solution of bichloride

of mercury, and told her to come back next day. She came back next day, and he found the whole arm swollen.

The plaintiff was permitted to testify, over the objection of counsel, that on the Tuesday following the day (Thursday or Friday) on which she had been treated by Miss Marshall, being June 6th, she went to "see Miss Marshall, and tell her about it." Then the following questions were asked and answered:

"Q. Was anything said at that interview by Miss Marshall to you respecting the condition of the instruments at the time she operated on you? (Objected to. Overruled. Exception.) A. Yes. Q. What was said? (Same objection, ruling, and exception.) A. That the instruments had not been sterilized, and never had been, and that Miss Waterman had never provided acid or anything for to dip the instruments into."

This is error. The declarations of an agent or servant do not in general bind the principal. Where his acts will bind, his statements and admissions respecting the subject-matter of those acts will also bind the principal, if made at the same time, and so that they constitute a part of the res gestæ, during the continuance of the agency. Waldele v. Railroad Co., 95 N. Y. 275; Anderson v. Railroad Co., 54 N. Y. 334; Luby v. Railroad Co., 17 N. Y. 131; Sherman v. Railroad Co., 106 N. Y. 542–546, 13 N. E. 616. In the case at bar the above statements were made by Miss Marshall six days after the occurrence of the act complained of. They were incompetent as evidence. Upon this incompetent evidence the trial judge laid particular stress in his charge.

Judgment and order appealed from reversed, new trial granted, costs to appellant to abide the event. All concur.